UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| CASHANA HUDSON | : | |
| --- | --- | --- |
| v. | : | NO. 1:17-cv-07129-RBK-KMW |
| DIEGO RAMIREZ SABOGAL, et al. | : | |

### STATEMENT IN SUPPORT

On Friday, November 2, 2018, I presided over the Arbitration in the above-captioned matter. Present for the Arbitration was counsel for the Plaintiff, Thomas F. Sacchetta, Esquire, and the Plaintiff, Cashana Hudson, and counsel for the Defendant, John M. Guthrie, Esquire. Mr. Ramirez-Sabogal did not appear and liability was not contested at the arbitration. The Arbitration was conducted at my office in Mt. Laurel, New Jersey.

The Plaintiff made an excellent appearance as a witness. She is a 26-year-old female middle school science teacher. She has a bachelor's degree from Lincoln University and a master in science teaching from Rutgers University. She has been a science teacher at Mastery Charter School, Camden, teaching the sixth, seventh and eighth grades for the past two years.

According to the Plaintiff, on September 16, 2015, she was driving her car and sitting at a red light when the commercial truck operated by the Defendant, Diego Ramirez Sabogal, while in the course and scope of his employment at CC Vending Inc., struck her in the rear. She described the impact as "kind of hard". The two vehicles pulled over and the police were called.

The Plaintiff stated that she received neck and lower back injuries as well as a result of the motor vehicle accident. She did not seek immediate medical attention in the nature of going to a hospital emergency room or being taken away from the scene by ambulance, but, several weeks after the accident she appeared at the office of her primary care physician, and thereafter

1

came under the care of Jerry Murphy, M.D. In a report dated November 5, 2015, Dr. Murphy states that the Plaintiff has an "acute post traumatic spinal strain and sprain with spasm." The Plaintiff testified that she treated conservatively with Dr. Jerry Murphy for approximately three months. The Plaintiff further testified that she continues to perform exercises prescribed by Dr. Jerry Murphy to this day due to ongoing problems with her neck and back.

The Plaintiff also came under the care of William Murphy, D.O., a physical medicine and rehabilitation specialist. In two reports dated March 9, 2018, and June 24, 2018, Dr. William Murphy gives the Plaintiff the following diagnosis:

1. Thoracic strain/sprain;
2. Lumbosacral strain/sprain;
3. Post traumatic thoracic and lumbar myofascial pain;
4. Post traumatic bilateral lumbar nerve route irritation.

Although Dr. William Murphy recommended various additional treatment options, the Plaintiff declined any further treatment. Dr. William Murphy also examined an MRI performed of the Plaintiff's thoracic and lumbar spine which showed only degenerative changes but no disc herniation.

Insofar as her current complaints are concerned, the Plaintiff states that she has difficulty performing some activities of daily living, and especially described having difficulty picking up her nephew. She also claimed to have trouble sleeping. She also has difficulty with prolonged standing or sitting which is required for her job as a school teacher. However, the plaintiff admitted that she did not really miss any time from school.

The Plaintiff has had no injections nor any other invasive procedure or surgical operation. The Plaintiff was last treated for her injuries in February 2016, nearly three years ago. The Plaintiff is able to feed, dress and bathe herself, prepare her own meals and go to work every day.

The defense did not present any witnesses with regard to contesting liability or an independent medical exam report to contest the extent of the personal injuries alleged by the Plaintiff. However, defense counsel cross-examined the plaintiff thoroughly and established that the injuries were all soft-tissue in nature and treatment was limited and ended nearly three years ago.

As a consequence of all the foregoing, and due to the relative youth and excellent appearance made by the Plaintiff, I am awarding the Plaintiff the total sum of Twenty Five Thousand Dollars ($25,000.00), which is inclusive of all outstanding medical bills and all economic and non-economic damages. This award is being entered against both defendants, Diego Ramirez Sabogal and CC Vending, Inc. under the doctrine of respondeat superior.

Alexander W. Ross, Jr. Esquire

Date: 11/5/18

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CASHANA HUDSON : CIVIL NO. 1:17-CV-07129-RBK-KMW

Plaintiff(s), :

v. : **ARBITRATION AWARD PURSUANT TO LOCAL CIVIL RULE 201.1**

DIEGO RAMIREZ SABOGAL, CC VENDING, INC., et al :

Defendant(s). :

:

AND NOW, this 2nd day of November, 2018, the undersigned arbitrator having been duly certified and sworn and having heard the above-captioned civil action on November 2, 2018, in the presence of and on notice to THOMAS F. SACCHETTA, ESQ. counsel for the plaintiff, CASHANA HUDSON, and JOAN M. GUTHRIE, ESQ., counsel for the defendant, DIEGO RAMIREZ SABOGAL, and CC VENDING, INC., ~~counsel for~~

And the parties having presented such testimony and submitted such pleadings, discovery, reports and other documents as counsel deemed necessary for the Arbitrator's consideration;

The Arbitrator does hereby make the following Arbitration Award pursuant to Local Civil Rule 201.1 in favor of CASHANA HUDSON, and against DIEGO RAMIREZ SABOGAL and CC VENDING, INC, in the amount of $25,000.00.

_____
ARBITRATOR

NOTICE

This award will become a final judgment of the court, without the right of appeal, unless a party files with the court a Demand for a Trial De Novo within (30) days (60 days for all parties in actions in which the United States or any employee or agency thereof is a party) after the entry of the arbitration award pursuant to Local Civil Rule 201.1.(h).